Scott, J.
The defendant in error brought suit in the court below, as the payee of a promissory note, executed by the plaintiffs in error, dated February 18, 1859, and payable to her order, on or before the 1st day of May, 1859. The plaintiff below, in her petition, described herself as a married woman, and sued by her next friend; but the petition contained no special averment that the note in suit was her separate property, nor did it make any further allusion to her coverture, and was in all other respects in the usual form.
The defendants below entered their appearance to the action, but neither demurred nor answered; and judgment was rendered, on their default, in favor of the plaintiff, for the amount appearing due on the note.
*449 Plaintiffs in error claim that this judgment was erroneous; that the petition did not state facts sufficient to constitute a cause of action, but, on the contrary, avers facts which show a want of title in the defendant in error to the note sued upon.
It is assumed, in argument, that the petition of the plaintiff below, shows the note to have been executed and delivered to her during coverture.- But the petition contains no such averment, nor does any presumption arise that, because she-was a feme covert at the time of suit brought, her condition had. always theretofore been the same. But supposing the-note was given during her coverture, yet the defendants below executed and delivered it to her; by its terms it was made-payable to her; and she sues upon it several months after its maturity, as the payee and holder. Why was the note delivered and made payable to her ? The presumption is but reasonable, that it was understood to be, and in fact was, her-separate property. And if so, under the code, the action was properly brought, without joining her husband.
And were it otherwise, objections- to her legal capacity to-sue alone, and to a defect of parties, were waived by the failure to demur or answer.
But it is claimed, that in the case of a promissory note-given to a feme covert, the whole interest vests, eo instanti, in the husband, and that the wife has, therefore, no interest in it, and can maintain no action upon it. We do not so understand the rule of the common law. A promissory note is not a personal chattel in possession, which becomes the absolute property of the husband, whether he will or not, when given to-the wife, either before or during coverture. On the contrary,, it is but a chose in action, and as suchj if given to the wife-before coverture, the husband could maintain no action upon it, in his own name alone, but must join his wife as a party-plaintiff. And if given to her after marriage, he still may-unite her with him in a suit brought upon it, or he may assert his marital rights, and sue- alone. 1 Chitty’s Pleadings, 30. Such is the rule at common law; if the. note be given to the-wife, the husband may elect whether he will divest her of her interest in it, or not; and until he asserts his marital rights,. *450 by collecting it, .or bringing suit upon it in Ms sole name, her interest therein is not divested; and if the coverture be terminated, without any such assertion of the marital rights, the right of action will survive to the wife, or her representatives Richards v. Richards, 2 B. & Ad. 447; Gaters v. Madely, 2 M. & W. 423.
Inasmuch, then, as the non-joinder of the husband, was not objected to by demurrer, or otherwise, and the capacity of the wife to sue alone was not called in question in the court below, we think that she, as a party in interest, might well' maintain her action; and that judgment was properly rendered in her favor.
Judgment of the district court affirmed.
Brinkerhoee, C.J., and Banney, Wilder and White,-JJ., concurred.